UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| SHARDA R. SMITH, ) | Case No. 21-43213-169 |
| ) | Chief Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| SHARDA R. SMITH, ) | **Adversary No. 21-4063-659** |
| ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| BROTHER LOAN & FINANCE CO., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Debtor(s) [sic] First Amended Complaint to Avoid Preference and Compel Turnover of Property; Defendant Brother Loan & Finance Co.'s Answer to Debtor's Complaint to Set Aside Preference and Compel Turnover of Property; Defendant Brother Loan & Finance Co.'s Trial Brief; Trial Brief of Plaintiff Sharda Smith; and Stipulation of Uncontested Facts for Use at Trial. The trial was set for December 14, 2021 at which both parties appeared by counsel and presented oral argument. Upon consideration of the record, the Court makes the following **FINDINGS OF FACT**:

On February 26, 2018, Brother Loan & Finance Co. (hereinafter "Defendant") obtained a judgment against Sharda Smith (hereinafter "Plaintiff") in the Circuit Court of St. Louis County (hereinafter "State Court"). Stipulation of Uncontested Facts for Use at Trial (hereinafter "Stipulation of Facts") ¶ 3. Subsequently, Defendant caused a wage garnishment to be issued to Plaintiff's employer, DaVita RX, LLC (hereinafter "DaVita"), for $12,215.25. *Id*. at ¶ 4; Ex. 1. Pursuant to the Garnishment Application and Order (hereinafter "Garnishment Order"), DaVita made the following withholdings from Plaintiff's wages and remitted to Defendant:

| Table 1 | | | |
|---|---|---|---|
| # | Pay Period Begin | Pay Period End | Amount |
| 1 | 7/11/21 | 7/24/21 | $189.87 |
| 2 | 7/25/21 | 8/7/21 | $222.21 |
| 3 | 8/8/21 | 8/21/21 | $179.73 |

Stipulation of Facts ¶¶ 5-7.

The projected garnishment amount derived from Plaintiff's August 22, 2021 through September 4, 2021 pay period (hereinafter "Final Payment Period") was $118.82 (hereinafter "Final Payment"). Am. Compl. ¶ 8; Answer ¶ 5; *See* Stipulation of Facts ¶ 8. However, before the Final Payment was remitted to Defendant, counsel for Defendant faxed separate correspondence to DaVita and the Sheriff of Cole County (hereinafter "Sheriff") on August 31, 2021. Stipulation of Facts ¶¶ 9 and 10. In the correspondence to DaVita, Defendant instructed DaVita "to cease withholding the wages of [Plaintiff] . . . as of 8/27/2021" and return any funds withheld after that date to Plaintiff. Stipulation of Facts ¶ 9; Ex. 2. Similarly, in the correspondence to the Sheriff, Defendant instructed the Sheriff to release the wage garnishment and to send all funds withheld after August 27, 2021 to DaVita. Stipulation of Facts ¶ 10; Ex. 3. Pursuant to Defendant's instructions, DaVita issued a pay advice on September 10, 2021 to Plaintiff for wages earned during the Final Payment Period. Stipulation of Facts ¶ 11. The pay advice revealed that DaVita did not remit the Final Payment to Defendant nor did DaVita withhold the Final Payment from Plaintiff's wages. *Id*.; Ex. 5.

On August 27, 2021, Plaintiff filed a Voluntary Petition under Chapter 7. On September 30, 2021, Plaintiff filed Debtor(s) [sic] Complaint to Set Aside Preference and Compel Turnover of Property initiating this adversary proceeding against Defendant. On October 3, 2021, Plaintiff filed Debtor(s) [sic] First Amended Complaint to Avoid Preference and Compel Turnover of Property (hereinafter "Amended Complaint"). The Amended Complaint alleges that the amounts from Table

1 above plus the Final Payment totaling $710.63 are a preference and should be avoided pursuant to 11 U.S.C. § 547(b).  Am. Compl. ¶ 1.

On November 19, 2021, Defendant filed Defendant Brother Loan & Finance Co.'s Answer to Debtor's Complaint to Set Aside Preference and Compel Turnover of Property (hereinafter "Answer").  Defendant's Answer alleges that Plaintiff does not meet the minimum $600.00 threshold under 11 U.S.C. § 547(c)(8) to avoid a preference, because the Final Payment was not withheld from Plaintiff's wages.  Answer ¶ 5.  Defendant further argues that because the Final Payment was not withheld from Plaintiff's wages and thus not remitted to Defendant, the total amount of garnished wages is $591.81 and is not avoidable.

On December 7, 2021, Defendant filed Defendant Brother Loan & Finance Co.'s Trial Brief (hereinafter "Defendant's Trial Brief"), and Plaintiff filed Trial Brief of Plaintiff Sharda Smith (hereinafter "Plaintiff's Trial Brief") and Stipulation of Facts.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C § 157(b)(2)(F) and (K)(2021). Venue is proper in this district under 28 U.S.C. § 1408(a) (2021).

## CONCLUSIONS OF LAW

The primary issue before the Court is whether the Final Payment is included as a preference satisfying the $600.00 minimum threshold for avoidance under 11 U.S.C. § 547(c)(8).

Generally, a trustee in bankruptcy is authorized to bring forth an action to avoid a pre-petition preferential transfer.  11 U.S.C. § 547(b) (2021); *See In re Wade*, 219 B.R. 815, 818 (B.A.P. 8th Cir. 1998).  However, a debtor may pursue avoidance of pre-petition preferential transfers if "(1) the property transferred would have been exempt; (2) the property was not transferred voluntarily; and (3) the trustee has not sought an avoidance action."  *In re James*, 257 B.R. 673, 675 (B.A.P. 8th Cir. 2001); *See* 11 U.S.C. § 522(g)-(h)(2021); *See In re Wade*, 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998).  The parties here do not dispute Plaintiff's authority to bring forth the avoidance action.

The garnished wages in Table 1 plus the Final Payment are exempt, the wages were involuntarily transferred, and the trustee in Plaintiff's Chapter 7 bankruptcy has not brought forth an avoidance action. Therefore, Plaintiff has standing to seek avoidance of the pre-petition transfer.

Debtors with standing to seek avoidance of transfers must do so in accordance with the Bankruptcy Code and procedures. Pursuant to Section 547(b), pre-petition preferences are avoidable if the transfer satisfies five elements:

> [The transfer was made]1) to or for the benefit of a creditor; 2) for or on account of antecedent debt; 3) while the debtor was insolvent; 4) to a noninsider on or within ninety days of the filing of the bankruptcy case; and, such transfer must 5) result in the creditor receiving more than the creditor would have received in a hypothetical liquidation in a Chapter 7 case.

*In re Wade*, 219 B.R. 815, 818-19 (B.A.P. 8th Cir. 1998); *See* 11 U.S.C. § 547(b) (2021).

According to the Bankruptcy Code, a "transfer" is defined as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54)(D)(2021). Where the transferred property is a debtor's wages, the transfer occurs for preference purposes once the wages are earned. *In re Pierce,* 504 B.R. 506, 510 (B.A.P. 8th Cir. 2013) (citing 11 U.S.C. § 547(e)(3)); *See In re Wade*, 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998); *see also In re James*, 257 B.R. 673, 677 (B.A.P. 8th Cir. 2001). However, if "the aggregate value of all property that constitutes or is affected by such transfer is less than $600.00," the pre-petition transfer cannot be avoided. 11 U.S.C. § 547(c)(8).

Here, Plaintiff argues that the Final Payment is a preference because Plaintiff earned the wage to which a lien attached during the preference period. Plaintiff attests that the fact that the funds were not distributed to Defendant does not negate the fact that the lien attached. Defendant argues that the Final Payment should be excluded because it was neither remitted to Defendant nor withheld from Plaintiff's wages. Using the Eighth Circuit's opinion in *In re Pierce*, Defendant contends that the aggregate value transferred during the preference period was less than $600.00 thus making the preference unavoidable. See *In re Pierce*, 779 F.3d 814, 818 (8th Cir. 2015). The Court disagrees.

*In re Pierce*, although similar factually, is distinguishable from the facts here.  The defendant in *Pierce* obtained a state court judgment to garnish the plaintiffs' wages.  *In re Pierce*, 779 F.3d 814, 816 (8th Cir. 2015).  The plaintiffs' employer sent the state court the garnished wages after each pay period and the state court transferred the funds to the defendant.  *Id*.  However, despite the total garnished amount during the preference period being $858.98, the plaintiffs sought to avoid $562.78.  *Id.* at 816-17.  Accordingly, the 8th Circuit held that "[b]ecause 'the aggregate value of all property that constitutes or is affected by [the plaintiff's garnishments was] less than $600,' the section 547(c)(8) defense applies" preventing avoidance.  *Id*. at 818.

Here, the 90-day preference period began on May 29, 2021.  As Table 1 depicts, Defendant received a total of $591.81 between the three pay periods.  Despite Defendant not receiving the Last Payment, the amount accrued and importantly Plaintiff earned the wages to make the payment during the preference period.  Though the amount remitted to Defendant was $591.81, this Court does not look to when Defendant received the payment but rather the date Plaintiff earned the wages.  *See In re Pierce,* 504 B.R. 506, 510 (B.A.P. 8th Cir. 2013) (citing 11 U.S.C. § 547(e)(3)); *See In re Wade*, 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998); *see also In re James*, 257 B.R. 673, 677 (B.A.P. 8th Cir. 2001).  Because the Final Payment was earned and fell within the preference period, the total pre-petition preference amount is $710.63. Therefore, Plaintiff's wages of $710.63 earned during the preference period were a preferential transfer under 11 U.S.C. § 547(b) and should be avoided and funds turned over to Plaintiff.

By separate order, judgment will be entered in favor of Plaintiff.

                                            */s/ Kathy A. Surratt-States*
                                            KATHY A. SURRATT-STATES
                                            Chief United States Bankruptcy Judge

DATED: January 28, 2022
St. Louis, Missouri

-6-

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Brother Loan & Finance Co
c/o Sher & Shabsin, P.C.
1 Campbell Plaza, 1 A North
St Louis, MO 6313

Sharda R Smith
1429 N 14th Street
Saint Louis, MO 63106

John H. Soeder, III
Sher & Shabsin, PC
1 Campbell Plaza, 1A North
St. Louis, MO 6313

Ross H. Briggs
4144 Lindell Blvd, suite 202
St. Louis, MO 63108